

# THE ATTORNEY GENERAL
# OF TEXAS
## AUSTIN, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

March 30, 1949

Hon. William L. Kerr, President
Board of Regents
State Teachers Colleges
First National Bank Building
Midland, Texas

Opinion No. V-798

Re: Availability of funds col-
lected through the tax lev-
ied under the College
Building Amendment to
the Texas Constitution.

Dear Mr. Kerr:

You request the opinion of the Attorney General as fol-
lows:

"It has been announced that the litigation concern-
ing the college building amendment has been brought
to a close with the overruling of motions for rehearing
in the Supreme Court. Therefore, it becomes import-
ant that we of our Board know of our authority to obtain
or pledge funds realized from the tax levy heretofore
made. During the pendency of litigation, as we under-
stand it, the authorized tax was levied for the benefit
of our colleges and collection has been made from this
levy.

"May we, therefore, ask your opinion and advise
as follows:

"1. Will the present collected funds (in proper pro-
portionate part) be available to the State Teachers Col-
leges for authorized buildings, even though bonds have
not as yet been issued?

"2. May our Board of Regents request transfer of
present accumulated funds from the treasury to the re-
spective colleges under our jurisdiction to permit such
funds to be used for building construction?

Hon. William L. Kerr, Page 2 (V-798)

"3. If such a transfer of present funds from the treasury may not be permitted, may the Board authorize building construction, payable out of funds already collected and presently held by the State Treasurer?"

We quote the following from this Constitutional Amendment:

" . . . there is hereby levied, . . . a State ad valorem tax on property of five cents (5¢) . . . . for the purpose of creating a special fund for the purpose of acquiring, constructing, and initially equipping buildings or other permanent improvements at the designated institutions of higher learning; and the governing board of each of such institutions of higher learning is fully authorized to pledge all or any part of said funds allotted to such institutions as hereinafter provided, to secure bonds or notes issued for the purpose of acquiring, constructing and initially equipping such buildings or other permanent improvements at said respective institutions. Such bonds or notes shall be issued in such amount as may be determined by the governing boards of said respective institutions, shall bear interest not to exceed three (3%) per cent per annum and shall mature serially . . . ."

This Amendment further provides:

"Funds raised from said Five (5¢) Cents tax . . . are hereby allocated to the following institutions of higher learning, and in the following proportions to wit: . . ."

Section 17 concludes:

"This amendment shall be self-enacting. The State Comptroller of Public Accounts shall draw all necessary and proper warrants upon the State Treasury in order to carry out the purposes of this amendment; and the State Treasurer shall pay warrants so issued out of the special fund hereby created for said purpose."

Assuming for the purpose of this opinion that the funds now on hand have been allocated or credited to the respective State Teachers Colleges, it is clear that the Board of Regents has the authority by the express terms of this Amendment to the Constitution to issue

Hon. William L. Kerr, Page 3 (V-798)

bonds or notes to be secured by a pledge of these funds. The bonds require the approval of the Attorney General, but the notes provided for in Section 17 do not. Both the bonds and notes issued by the University of Texas and A. and M. College require the approval of the Attorney General. This Constitutional Amendment clearly prescribes the terms and conditions of the bonds and notes, and makes no other provisions for evidencing of liability against the fund except by the issuance of bonds or notes. Hence it is our conclusion that this special fund may not be withdrawn from the State Treasury except to pay principal and interest requirements of bonds or notes issued under Section 17.

The issuance of short-term notes or bonds should serve the purpose of facilitating the payment of obligations legally incurred by the governing boards in the furtherance of the purposes authorized by this Amendment. You will observe that there is a maximum date of maturity provided, but no minimum date. It would, therefore, be permissible for the governing boards to issue short-term bonds or notes. Funds already collected and in the Treasury may, of course, be used for the payment of such bonds or notes.

There is necessarily involved in your request, though not definitely presented, the question of whether or not these funds are subject to legislative appropriation as a prerequisite to expenditure by the colleges. We deem it appropriate to answer that question now. The answer is in the negative. This Constitutional Amendment, by its express terms, is self-enacting in all of its details. It specifically levies the tax, designates the use to which the fund created by the tax levy shall be applied by the Board of Regents, and directs the Comptroller to issue and the State Treasurer to pay warrants drawn upon this special fund thus created. An appropriation in a constitutional sense may be by legislative act or constitutional declaration. This is of the latter class. The effect of the explicit directions found in this Constitutional Amendment, now a part of the organic law of this State, levying the tax, creating a special fund from such levy, specifying the purposes for which it may be spent, and directing the manner of its disbursement, clearly remove this special fund from the limitations of Article VIII, Section 6 of the Constitution of this State, which provides: "No money shall be drawn from the treasury but in pursuance of specific appropriation made by law; nor shall any appropriation of money be made for a longer term than two years." City of Aransas Pass v. Keeling, 112 Tex. 339, 247 S.W. 818; Brazos River Conservation & R. District v. McCraw, 126 Tex. 506, 91 S.W. (2d) 665; Dorsey v. Petrott, 12 A. (2d) 630.

Hon. William L. Kerr, Page 4 (V-798)

## SUMMARY

The accumulated funds from taxes levied by virtue of Section 17 of Article VII (the College Building Amendment) may be allocated by the Comptroller to the respective colleges entitled to receive the same in proportion to the formulas provided in such constitutional amendment for the payment of bonds or notes issued thereunder. No legislative appropriation of such funds is necessary since the amendment is self-enacting.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By     *L. P. Lollar*

L. P. Lollar
Assistant

LPL/mwb

APPROVED

*Joe R. Greenhill*

FIRST ASSISTANT
ATTORNEY GENERAL